JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CAROL CRAGER-MURPHY

**DEFENDANTS**
REEF Global, Inc. d/b/a REEF Parking and d/b/a REEF Technology

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane / ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability / ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine / ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | [X] 350 Motor Vehicle / **PERSONAL PROPERTY** ❑ 370 Other Fraud | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability / ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury / ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice / ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting / ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment / ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations / ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment / ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - Other / **Other:** ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | ❑ 448 Education / ❑ 550 Civil Rights | | | |
| | ❑ 555 Prison Condition | | | |
| | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 08/20/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ ASB3587

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CAROL CRAGER-MURPHY | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| REEF Global, Inc. d/b/a REEF Parking and d/b/a REEF Technology | : | NO. |
| Defendant | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                        ( X )

| | | |
|---|---|---|
| 08/20/2020 | /s/ Adam S. Barrist, Esq. | CAROL CRAGER-MURPHY |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  _____
                                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL CRAGER-MURPHY<br>2040 Buttonwood Road<br>Berwyn, PA 19312<br><br>    Plaintiff,<br><br> v.<br><br>REEF Global, Inc. d/b/a REEF Parking and d/b/a<br>REEF Technology<br>601 Brickell Key Drive, Suite 1000<br>Miami, FL 33131<br><br>    Defendant. | NO._____ |

## COMPLAINT

Plaintiff, Carol Crager-Murphy ("Ms. Crager-Murphy" or "Plaintiff"), through her undersigned attorney, brings the following Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 2040 Buttonwood Road, Berwyn, PA 19312.

2. Defendant, REEF Global, Inc. d/b/a REEF Parking and d/b/a REEF Technology ("REEF" or "Defendant"), is, upon information and belief, a corporation, partnership or other business entity in the State of Florida, with a principal place of business, place of incorporation and citizenship of 601 Brickell Key Drive, Suite 1000, Miami, FL 33131.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and

domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a principal place of business of and citizenship in the State of Florida.

4. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia, PA, within this District.

## FACTS

7. On November 5, 2019, Ms. Crager-Murphy was a lawful business invitee at the Hospital of the University of Pennsylvania.

8. At all relevant times, Defendant was contractually and/or otherwise responsible for the valet parking services at the Hospital of the University of Pennsylvania.

9. On the date in question, Ms. Crager-Murphy was severely injured when a valet driver, who was an employee, agent or other authorized representative of Defendant, abruptly, without warning, drove away while Plaintiff was leaning against her husband's car.

10. As the result of such actions on the part of Defendant's valet driver, Ms. Crager-Murphy fell violently to the pavement, sustaining the excruciating and debilitating personal injuries set forth, below.

11. Such violent incident caused Ms. Crager-Murphy to **a)** sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

## COUNT ONE – NEGLIGENCE

12. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

13. As the direct and proximate cause of Defendant's negligence as stated above, Ms. Crager-Murphy has suffered severe permanent physical injury and financial loss.

14. The injuries that Ms. Crager-Murphy has sustained are permanent in nature. Ms. Crager-Murphy has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

15. As a further result of the above negligent acts committed by Defendant, Ms. Crager-Murphy has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

16. As a further result of the above negligent acts committed by Defendant, Ms. Crager-Murphy has incurred and will continue to incur substantial financial harm.

17. In addition, Ms. Crager-Murphy has suffered other economic injury and will likely continue to suffer such economic injury.

18. Defendant, vicariously, through its employee/agent/authorized representative, operated the vehicle in question in such a reckless, careless, and/or negligent manner as to have caused the aforesaid violent incident to occur.

19. Defendant had a duty to Ms. Crager-Murphy to not employ individuals who would operate its valet vehicles in such a reckless, careless, and/or negligent manner.

20. Defendant breached said duty, as set forth below.

21. As a direct and proximate result of the aforesaid acts, omissions, recklessness, carelessness, and/or negligence on the part of Defendant, Ms. Crager-Murphy suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

22. The aforesaid accident was caused by the negligence, carelessness, and/or recklessness of Defendant because it, itself, and/or, vicariously, through its agent/employee/authorized representative:

   a) Pulled the subject vehicle away, while Plaintiff was bearing weight on/leaning on it;

   b) Failed to ensure that the subject vehicle was clear from any individuals bearing weight on/leaning on it, before pulling away in the vehicle;

   c) Failing to understand and appreciate that individuals of advanced age, such as Plaintiff, would be at/around the valet area of the hospital and that, as such, precautions would need to be taken to ensure that valet drivers did not drive away which such individuals were bearing weight on/leaning on valet vehicles;

   d) Failed to keep its vehicle under control at all relevant times;

   e) Caused its vehicle to be driven at an excessive speed under the circumstances;

   f) Disregarded traffic signals and signs;

   g) Failed to keep a proper lookout;

   h) Caused a violent injury to occur;

   i) Was driving in distracted fashion;

   j) Negligently hired the valet driver in question;

   k) Negligently trained the valet driver in question;

    l) Negligently caused/forced the valet driver in question to drive the subject vehicle when he was in an unfit physical and/or mental condition to do so; and

    m) Otherwise failed to exercise due care under the circumstances.

23. As the result of the above-referenced accident, Ms. Crager-Murphy suffered painful and serious injuries, including, but not limited to:

    a) compression fracture of the L1 vertebra;

    b) the need to wear a highly invasive and restrictive hard-plastic spinal orthosis back brace for a full month, 24-hours per day

    c) radiculopathy;

    d) cervicalgia;

    e) nerve damage throughout her body;

    f) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

    g) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

    h) head injuries, the extent of which is presently unknown; and

    i) emotional harm, the extent of which is presently unknown.

24. As a result of such accident, Ms. Crager-Murphy has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

25. As a result of such accident, Ms. Crager-Murphy has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

26. As a result of such accident, Ms. Crager-Murphy suffered grievous pain and suffering and

may continue to suffer same for an indefinite time into the future.

27. As a result of such accident, Ms. Crager-Murphy has suffered lost wages, and will suffer a loss of future earnings capacity.

28. As a further result of such accident, Ms. Crager-Murphy has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Carol Crager-Murphy, demands judgment against the Defendant, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

                 **THE BARRIST FIRM, LLC**

By: /s/ ASB3587

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  August 20, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL CRAGER-MURPHY<br>2040 Buttonwood Road<br>Berwyn, PA 19312 | :<br>:<br>:   NO._____<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| REEF Global, Inc. d/b/a REEF Parking and d/b/a<br>REEF Technology<br>601 Brickell Key Drive, Suite 1000<br>Miami, FL 33131 | :<br>:<br>:<br>:<br>: |
| Defendant. | |

**JURY DEMAND**

Plaintiff, Carol Crager-Murphy, hereby demands a trial by twelve (12) jurors.

Respectfully submitted,

**THE BARRIST FIRM, LLC**

By: /s/ ASB3587

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  August 20, 2020